## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2020

Lyle W. Cayce
Clerk

No. 19-10506
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

QUINNTERRION DJESE COURRTEZ MARTIN,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-307-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Quinnterrion Djese Courrtez Martin pleaded guilty, without a plea agreement, to brandishing a firearm in furtherance of a crime of violence (interference with commerce by robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court sentenced him to, *inter alia*, an above Sentencing Guidelines term of 120-months' imprisonment, to run consecutively to any sentences imposed upon conviction for any of four pending

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-10506

state charges for aggravated robbery and engaging in organized crime.  Martin challenges the substantive reasonableness of the court's:  ordering his sentence run consecutively to any sentences imposed in the state cases; and considering conduct at issue in those cases in determining his present sentence.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  As noted, procedural error is not claimed.

An above-Guidelines sentence is substantively unreasonable if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors" in 18 U.S.C. § 3553(a) (factors for consideration during sentencing).  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006) (citations omitted).  In that regard, a court is required to impose a sentence that is "sufficient, but not greater than necessary", to satisfy the needs for the sentence, *inter alia*, "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant".  18 U.S.C. § 3553(a)(2).  The court must also consider, *inter alia*, "the kinds of sentences available", "the need to avoid unwarranted sentence disparities",

and "the nature and circumstances of the offense and the history and characteristics of the defendant". *Id.* §§ 3553(a)(1), (3), (6). Ultimately, "[w]hether a sentence imposed should run consecutively or concurrently [to an undischarged state sentence] is committed to the sound discretion of the district court, subject to consideration of the factors set forth in 18 U.S.C. § 3553(a)". *United States v. Setser*, 607 F.3d 128, 130 (5th Cir. 2010) (alterations in original) (citation omitted), *aff'd*, 566 U.S. 231 (2012).

Martin's sentence was not substantively unreasonable. In ordering his sentence run consecutively with any sentences imposed in the pending state cases, the court explicitly concluded that Martin's sentence was "absolutely necessary" to "properly" account for the § 3553(a) factors. In doing so, it compared Martin's conduct and characteristics to those of another participant in the robberies to avoid unwarranted sentencing discrepancies between them, and it also credited mitigating evidence Martin provided. Additionally, the court noted the serious nature of the offense, as part of an ongoing series of robberies, and Martin's history and characteristics, as illustrated by his continuing participation in those robberies. It also considered that the Government did not plan to charge Martin with certain other criminal conduct and noted the severity of criminal conduct at issue in the pending state cases.

Contrary to Martin's contention, the court did not err in considering criminal conduct at issue in the pending state cases. This is because Guideline § 2B3.1 (robberies) is "[s]pecifically excluded" from Guideline § 3D1.2 (grouping of closely-related conduct), meaning different robberies are not required to be grouped together for sentencing purposes. *See* U.S.S.G. § 3D1.2(d). And, because Guideline § 1B1.3 (relevant conduct) does not include offenses excluded from grouping under Guideline § 3D1.2(d), *see id.* § 1B1.3(a)(2), the mandate in Guideline § 5G1.3 (determining sentence),

requiring a sentence run concurrently to an anticipated state sentence based on relevant conduct (as identified by Guideline § 1B1.3), does not apply, *see id.* § 5G1.3(c). (To the extent Martin has not waived, for failure to adequately brief, a challenge to Guideline § 3D1.2(d)'s exclusion of robberies as undermining federal-sentencing policy, generally unfair, and arbitrary, *see United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (citations omitted) (holding claims not adequately pressed in briefing waived), any such claim lacks merit.)

AFFIRMED.